UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA T. HERNANDEZ,

    Plaintiff,

v.                                                                                         Case No: 6:18-cv-00757-O-18JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Maria T. Hernandez, seeks judicial review of the denial of her claim for period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Court recommends that the decision be affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for period of disability and disability insurance benefits ("DIB") on April 22, 2014. (Tr. 77, 163-164.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 102-106.) Plaintiff then requested an administrative hearing. (Tr. 107.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 48-67.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 21-41.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council

denied. (Tr. 1-8.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1). The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1955, claimed disability beginning on June 3, 2013. (Tr. 51.) Plaintiff has a sixth-grade education. (Tr. 51-52.) Plaintiff's past relevant work experience included work as a cleaner—housekeeping (light/unskilled) and receiving checker (medium/semi-skilled). (Tr. 65.) Plaintiff alleged disability due to depression, fibromyalgia, hypertension, hepatitis C, fatigue, and osteopenia. (Tr. 68.)

In rendering the decision, the ALJ concluded that Plaintiff was not disabled at any time during the relevant period from June 3, 2013, the alleged onset date, through December 31, 2016, the date of last insured. (Tr. 41.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: hypertension, depression, post-traumatic stress disorder (PTSD) and osteoarthritis versus arthralgias versus fibromyalgia (Tr. 23.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 28.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, with additional limitations. (Tr. 30.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 35.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a housekeeper (Tr. 40.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform her past relevant work of cleaner housekeeper.  (Tr. 65.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 41.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past

relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in determining that the Plaintiff has the residual functional capacity to perform light work with some additional non-exertional limitations since the ALJ failed to adequately weigh and consider the opinion of the Plaintiff's treating physician; and (2) the ALJ erred in relying on the testimony of the vocational expert after posing a hypothetical which did not accurately reflect the claimant's limitations. For the reasons that follow, neither of these contentions warrants reversal.

### A.  Weight of Treating Physician Opinion

Medical opinions are statements from physicians and psychologists or other medical sources that reflect judgments about the nature and severity of the plaintiff's impairments, including the plaintiff's symptoms, diagnosis, prognosis, ability to perform despite impairments, and physical or mental restrictions. *Winschel v. Comm'r Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). In determining the weight to afford a medical opinion, the ALJ considers the following factors: the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c); *Hearn v. Comm'r, Soc. Sec.*, 619 F. App'x 892, 895 (11th Cir. 2015).

The ALJ must afford the opinion of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004). The Eleventh Circuit has held that good cause "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical

records." *Id*. 1240-41. "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). If the ALJ articulates specific reasons for giving less weight to an opinion, and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). When the ALJ does not explain the weight given nor the reasons for discrediting a physician's opinion, then there is reversible error. *McCloud v. Barnhart*, 166 Fed. Appx. 410, 418–19 (11th Cir. 2006).

Here, Plaintiff contends that the ALJ did not state with particularity the weight assigned to the December 17, 2014, medical source statement completed by Dr. F. Yanez. Specifically, Plaintiff alleges that the ALJ's determination that Dr. Yanez's opinion was "not accorded controlling weight" fails to state the particular weight accorded. (Tr. 36.) Plaintiff does not argue that the ALJ was wrong to not give Dr. Yanez's opinion controlling weight, nor that the ALJ lacked substantial evidence to do so. Instead, Plaintiff disputes whether the ALJ stated the weight given to the treating physician's opinion with sufficient particularity. For the reasons that follow, this contention does not warrant reversal.

The ALJ's determination that Dr. Yanez's December 17, 2014 opinion "is not accorded controlling weight" is sufficient for a reviewing court to determine whether the ALJ's RFC finding is supported by substantial evidence. The ALJ stated that "[Dr. Yanez's] opinion . . . is not accorded controlling weight because opinions on the issues of whether the claimant is 'disabled' or 'unable to work' are reserved to the Commissioner because they are administrative findings that are dispositive of a case (20 CFR 404.1527(d))." (Tr. 36.) The ALJ further explained that Dr. Yanez's vocational opinion was inconsistent with all the evidence in the record, as well as with Dr. Yanez's own examination records. (Tr. 36.) The ALJ is not required to use a "particular

phrase or formulation" in rendering an opinion at any step of the sequential analysis. *Jamison v. Bowen*, 814 F.2d 585, 588–89 (11th Cir. 1987). Rather, the ALJ needs to state his or her opinion in such a way that allows a reviewing court to determine whether the proper statutory requirements and the Secretary's regulations as construed by the Eleventh Circuit were applied. *Id.*

The Eleventh Circuit has held that an ALJ properly explains the weight given to different medical opinions by stating that the treating physician's opinions "could 'not be given controlling weight,' and that the consultative and non-examining physicians' opinions were 'given significant weight.'" *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 902 (11th Cir. 2012). Similarly, the Eleventh Circuit has explained that assigning a treating physician's opinion "some weight," coupled with an explanation supported by substantial evidence, is a proper evaluation of a vocational opinion. *Weaver v. Commr., Soc. Sec. Admin.*, 567 Fed. Appx. 864, 868 (11th Cir. 2014). Here, as in *Forrester* and *Weaver*, the ALJ sufficiently addressed each opinion and then explained why the opinions were given controlling weight or noncontrolling weight. Dr. Yanez's opinion was "not accorded controlling weight," but the State agency medical physician, Dr. Goodpasture's opinion was "afford[ed] great weight." (Tr. 30, 36.)

Further, the ALJ explained that Dr. Yanez's vocational opinion was "inconsistent with Dr. Yanez's own examination records, as well as with the evidence as a whole." (Tr. 36.) In contrast, the ALJ gave great weight to the opinion of Dr. Goodpasture, and in doing so the ALJ explained that "the medical evidence (set forth below) has convinced the undersigned that, during the relevant period, the claimant could perform light work, along with the additional limitations stated in Finding 5." (Tr. 30-31.) The ALJ properly articulated the weight given to Dr. Yanez's opinion by stating that the opinion was "not accorded controlling weight," while also stating the reasons therefor. Thus, a reviewing court has sufficient context from all of the ALJ's findings and

explanations to find that "not controlling weight" coupled with a substantiated explanation is adequate to state the weight given with particularity.

In addition, while Plaintiff does not expressly challenge the ALJ's reasons for discounting Dr. Yanez's opinion, substantial evidence supports the ALJ's conclusion that Dr. Yanez's opinion was not consistent with the evidence as a whole. (Tr. 36.) *See* 20 C.F.R. § 404.1527(c)(4) (providing generally greater weight is given to opinions that are consistent with the record as a whole). The ALJ noted that while Dr. Yanez limited Plaintiff to less than sedentary work, including lifting no more than ten pounds or standing/walking no more than two hours in a workday (Tr. 452-54), the evidence in the record showed that Plaintiff could perform a range of light work. As the ALJ noted, Dr. Yanez's notes included findings of full neck range of motion, intact sensation, nonfocal neurological examination, normal gait, and normal strength in the upper and lower extremities. (Tr. 32, 337, 339, 342, 343, 354, 456, 518, 566-67, 606, 612.) The ALJ also considered the imaging of Plaintiff's knees, hands, and sacroiliac joints, which reflected either no abnormalities or no more than mild findings. (Tr. 32, 439-42.) The ALJ also noted that podiatrist Dr. L. Sanchez found in June 2015 that Plaintiff's heel pain and plantar fasciitis were resolving (Tr. 32, 482) and by December 2015 were healed. (Tr. 33, 538).

In sum, the ALJ's determination that the claimant had a residual function capacity to perform light work with some additional limitations is supported by substantial evidence. The Plaintiff claims that the ALJ failed to adequately weigh and consider the opinion of the treating physician, Dr. Yanez. However, the ALJ expressly assigned Dr. Yanez's opinion "not controlling weight," as opposed to controlling weight, and provided a detailed explanation for doing so. The ALJ's findings are sufficient to determine the weight assigned to Dr. Yanez's opinion. Thus, this Court may not disturb the ALJ's finding. *Wilcox v. Comm'r, Soc. Sec. Admin.*, 442 F. App'x 438,

440 (11th Cir. 2011) ("As our limited review precludes us from reweighing the evidence, we will find no reversible error when the ALJ has articulated specific reasons for failing to give the opinion of a treating physician controlling weight, if those reasons are support by substantial evidence."); *Carson*, 300 F. App'x at 743 ("Where the ALJ articulated specific reasons for declining to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, we do not disturb the ALJ's refusal to give the opinion controlling weight.").

### B. The Hypothetical to the VE

Plaintiff further argues that because the ALJ failed to include Dr. Yanez's opinion in the RFC, the hypothetical posed to the VE was flawed. (Dkt. 19 at 13-14.) However, as explained above, the ALJ properly explained the weight assigned to Dr. Yanez's December 17, 2014, medical source statement. (Tr. 36.) The ALJ specifically explained the reasons why Dr. Yanez's December 17, 2014, medical source statement was not assigned controlling weight. (*Id.*) The ALJ is not required to include findings in the hypothetical question that she finds unsupported. *See Crawford v. Comm'r of Soc. Security*, 363 F.3d 1155, 1161 (11th Cir. 2004). Thus, the DOT description and the VE's testimony provide substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work as a housekeeper. (Tr. 40-41, 65). *See Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 952-53 (11th Cir. 2010) (holding information in the DOT and VE's testimony constituted substantial evidence in support of ALJ's finding that the claimant could perform past relevant work).

### CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **AFFIRMED.**

2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on June 7, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable G. Kendall Sharp
Counsel of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.